# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

GREGORY HOLT, a/k/a                                          PETITIONER
Abdul Maalik Muhammad


v.                         NO. 5:12CV00453 BSM/HDY


RAY HOBBS, Director of the                                   RESPONDENT
Arkansas Department of Correction

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

-1-

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1.   Why the record made before the Magistrate Judge is inadequate.

2.   Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.   The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>RECOMMENDATION</u>

<u>BACKGROUND</u>. The record reflects that petitioner Gregory Holt ("Holt"), a/k/a Abdul Maalik Muhammad, was convicted in an Arkansas state trial court of aggravated residential burglary and domestic battering in the first degree and sentenced as an habitual offender to concurrent life and forty year terms of imprisonment in the custody of respondent Ray Hobbs ("Hobbs"). Holt appealed his convictions; the Arkansas Supreme Court found no reversible error and affirmed his convictions.[1]

Holt then filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37 ("Rule 37 petition").[2] The state trial court found no merit to Holt's petition and denied it. <u>See</u> Document 13, Exhibit D. He then began what he believed to be the steps to appeal the denial of his petition.

---

[1]

On appeal, Holt advanced the following five claims: (1) the trial court erred by denying his motion for directed verdict because there was insufficient evidence to support his aggravated residential burglary conviction; (2) the trial court erred by having him shackled in front of the jury; (3) his sentences were excessive, cruel, and unusual; (4) the prosecuting attorney improperly inflamed the jury by mentioning Holt's Islamic faith during the sentencing phase; and (5) the prosecuting attorney misled the jury as to Holt's parole eligibility. <u>See</u> Document 13, Exhibit B at 1.

[2]

In the petition, Holt maintained that his trial attorney provided ineffective representation and offered the following reasons why: (1) counsel failed to investigate three crucial witnesses; (2) counsel failed to subpoena the text and phone records of one of Holt's friends and failed to offer at trial the recorded phone conversations between the friend and the victim; (3) counsel failed to interview a medical expert; (4) counsel failed to investigate the victim's background, credibility, and conflicting stories; (5) counsel failed to investigate a technician's findings regarding the front and back doors of the victim's mobile home; (6) counsel failed to humanize Holt at sentencing; (7) counsel failed to secure a videotape of the incident; (8) counsel failed to object to the prosecution's statements regarding the time Holt would have to serve before being eligible for parole; (9) counsel failed to object to the harsh and disproportionate sentences that were imposed; and (10) counsel failed to introduce evidence that Holt suffered from Post-Traumatic Stress Disorder at the time the offenses were committed and that he suffered from paranoid delusional thinking after his arrest. <u>See</u> Document 13, Exhibit C-1.

At approximately the same time Holt was attempting to appeal the denial of his Rule 37 petition, he filed the petition at bar pursuant to 28 U.S.C. 2254. In the petition, he advanced the following nine claims: (1) counsel was ineffective because he did not investigate the facts and interview all of the witnesses; (2) Holt's sentences are excessive and disproportionate; (3) the sentences are the result of anti-Islamic hysteria and bias; (4) "the prosecution used protected speech and 'artistic expression' on the part of [Holt] as grounds for convincing a jury that [he] was dangerous and deserved a draconian sentence," see Document 2 at 9; (5) he was suffering from Post-Traumatic Stress Disorder at the time the offenses were committed and prior to trial which rendered him unable to assist in his own defense; (6) "the Arkansas Supreme Court erred in not relieving trial counsel from representing [Holt] on appeal due to counsel's conflict with [Holt]," see Document 2 at 13; (7) the statutes he was convicted of violating are unconstitutional; (8) Holt is actually innocent of the charge of aggravated residential burglary; and (9) the trial court erred in having him shackled during the course of the trial. After filing the petition at bar, Holt submitted a lengthy brief in which he identified approximately fourteen instances in which his attorney allegedly failed to provide adequate representation. Although the submission appears to be nothing more than the brief he promised to submit in support of his first claim, see Document 2 at 5, Hobbs construed the brief to contain a tenth claim. He construed the numerous allegations in the brief as one claim, that being, a challenge to the representation afforded by Holt's attorney. For the sake of simplicity, the undersigned will do likewise.

-4-

Hobbs filed a response to Holt's petition. Hobbs maintained in his response that the petition should be dismissed for the following reasons: (1) claims one, two, three, four, five, six, seven, and ten are procedurally barred from federal court review; (2) claim eight is either procedurally barred from federal court review or fails on the merits; and (3) the state Supreme Court's resolution of claim nine was not contrary to established federal law.

Shortly after Holt filed the petition at bar, a representative of the state Supreme Court notified Holt that his appeal of the denial of his Rule 37 petition had been dismissed. The representative notified Holt that it had been dismissed because a timely notice of appeal had never been filed. Holt, in turn, notified the representative that a timely notice of appeal had, in fact, been filed.[3] Holt was eventually notified of his right to file a motion to lodge the record with the state Supreme Court. See Document 14, Exhibit 29. He then filed such a motion.

While Holt's motion to lodge the record was pending with the state Supreme Court, he began an effort to have the case at bar held in abeyance. He asked that it be held in abeyance pending the final resolution of his state court efforts to collaterally attack his convictions, one specific effort being his then pending motion to lodge the record.

---

[3]

Holt's position has been and continues to be that he deposited his notice of appeal in the prison mail system well before the expiration of the time for filing a notice of appeal in his Rule 37 petition. He blames the prison mail system, the United States Postal Service, and/or the clerk of the state trial court for failing to deliver and/or file the notice of appeal in a timely manner.

Hobbs filed separate responses to Holt's attempt to have the case at bar held in abeyance. In one of the responses, Hobbs maintained that the case should not be held in abeyance because the state Supreme Court had by then denied Holt's motion to lodge the record, thereby foreclosing any opportunity he might have had to appeal the denial of his Rule 37 petition.

Holt then filed a number of pleadings in reply. He filed a pleading in which he maintained that he can show cause for any procedural default and, alternatively, that he is actually innocent of the offenses he was convicted of committing. He also filed several pleadings in which he continued to ask that the case at bar be held in abeyance. It was and continues to be his position that he has remedies available in state court, remedies in which he can raise the claims at bar.

The undersigned has now reviewed the parties' pleadings and exhibits. On the basis of that review, the undersigned recommends that Holt's petition be dismissed, all requested relief be denied, and judgment be entered for Hobbs.

EXHAUSTION. 28 U.S.C. 2254(b) provides that, with two exceptions not applicable here, a petition for writ of habeas corpus shall not be granted unless the petitioner has exhausted the remedies available to him. 28 U.S.C. 2254(c) provides that a petitioner shall not be deemed to have exhausted the remedies if "he has the right … to raise, by any available procedure, the question presented." A federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." See Powell v. Wyrick, 657 F.2d 222, 224 (8th Cir. 1981).

This case is somewhat unusual in that it is the petitioner and not the respondent who maintains that there are unexhausted remedies presently available in state court. Liberally construing Holt's pro se submissions, he maintains he can still file the following state court proceeding: (1) a motion to file a belated motion for reconsideration of his motion to lodge the record with the state Supreme Court, (2) a second Rule 37 petition, (3) a state petition for writ of habeas corpus, and/or (4) a state petition for writ of error coram nobis. As the undersigned has noted in other orders, there is nothing at this point to prevent Holt from filing any of the aforementioned proceedings. It is clear, though, that none of the claims at bar would be addressed by any court were he to file any one of the proceedings.

Holt maintains that he can still file a motion to file a belated motion for reconsideration of his motion to lodge the record with the state Supreme Court. The chances of such a motion being considered are nil for at least two reasons. The state Supreme Court has already denied his motion to lodge the record, and his underlying Rule 37 petition contained a fatal flaw as it "did not bear the sworn verification required by [Rule 37]." See Document 20, Exhibit A at 2.

Holt maintains that he can still file a second Rule 37 petition. The chances of a second petition being considered are also nil. Arkansas Rule of Criminal Procedure 37.2(b) provides, in part, that "[a]ll grounds for relief available to a petitioner under this rule must be raised in his … original petition unless the petition was denied without prejudice." The state trial court did not deny his petition without prejudice. See

Document 13, Exhibit D. Holt alternatively maintains that the state trial court failed to make written findings as required by Arkansas Rule of Criminal Procedure 37.3(a), and its failure to do so is grounds for permitting a second Rule 37 petition. There is at least one problem with his assertion: the state trial court made written findings in denying his Rule 37 petition. See Document 13, Exhibit D.

Holt maintains that he can still file a petition for writ of habeas corpus. The writ if proper when "a judgment of conviction is invalid on its face or when a circuit court lacked jurisdiction over the cause." See Williams v. Norris, 2006 WL 1429459 at 1 (Ark.S.Ct. 2006). The writ is also proper when new scientific evidence is proffered. See Ark. Code Ann. 16-112-201. Holt does not maintain in the petition at bar that the judgment of conviction is invalid on its face or that the state trial court lacked jurisdiction. Although he does maintain that he is actually innocent of the charge of aggravated residential burglary, the claim is not premised upon new scientific evidence.

Holt last maintains that he can still file a petition for writ of error coram nobis. The writ is available to address "insanity at the time of trial, a coerced guilty plea, material evidence withheld by the prosecutor, or a third-party confession to the crime during the time between conviction and appeal." See McAdory v. State, 2008 WL 963664 at 1 (Ark.S.Ct. 2008). The writ is only appropriate when an issue was not addressed or could not have been addressed at trial. See Id. None of the claims Holt raises in the petition at bar fall within one of the four categories. Although he alleges he suffered from Post-Traumatic Stress Disorder, the issue could have been addressed at trial.

-8-

Given the foregoing, the undersigned finds that Holt has exhausted his available state remedies. He can do nothing else in an Arkansas state court. See Wayne v. White, 752 F.2d 324, 325 (8th Cir. 1984) (if no state remedy presently available, failure to exhaust is not bar). Having so found, the undersigned turns to consider whether the claims at bar are nevertheless procedurally barred from federal court review.

CLAIM ONE. The first claim raised by Holt in this petition is a challenge to his attorney's representation. Holt maintains that his attorney did not investigate the facts and interview all of the witnesses and offers several examples to support his assertion.

Generally, the federal courts will not consider the merits of a petitioner's claim if he was aware of the claim but failed to first present it to the state courts in accordance with the state's procedural rules. See Wainwright v. Sykes, 433 U.S. 72 (1977). The principle includes the requirement that the petitioner must prosecute an appeal of any adverse ruling to the state's appellate courts. See O'Rourke v. Endell, 153 F.3d 560 (8th Cir. 1998). The exception to the aforementioned principle permits the claim to be considered if the petitioner can show cause for his procedural default.

Holt did not raise claim one in his direct appeal even though he could have. See Dansby v. Norris, 682 F.3d 711 (8th Cir. 2012). He appears to have raised the claim in his Rule 37 petition, and the state trial court denied the petition. He failed, though, to obtain a ruling on the claim from a state appellate court because a timely notice of appeal was never filed. Thus, he procedurally defaulted in litigating the claim. The only question is whether he can show cause for his procedural default.

Liberally construing Holt's <u>pro se</u> submissions, he appears to offer two reasons as cause for his procedural default. First, he appears to maintain that an objective factor external to the defense impeded his efforts to comply with the state's procedural rules. He maintains that the objective factor was the failure of the prison mail system, the United States Postal Service, and/or the clerk of the state trial court to deliver and/or file a timely notice of appeal of his Rule 37 petition.

The interference or inaction of state officials is a type of external factor that can excuse a procedural default. <u>See</u> <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991); <u>Wooten v. Norris</u>, 578 F.3d 767 (8th Cir. 2009). This petition, though, does not present one of those instances. First, Holt has failed to offer any proof that the prison mail system, the United States Postal Service, and/or the clerk of the state trial court were at fault for failing to deliver and/or file the notice of appeal in a timely manner. Second, even had Holt's notice of appeal been filed on time, his appeal would never have been addressed on the merits by the state Supreme Court. Instead, it would have been, and his motion to lodge the record eventually was, dismissed on a procedural ground that is firmly established, regularly followed, and readily ascertainable when it was applied to him. The state Supreme Court found that Holt's petition "did not bear the sworn verification required by [Rule 37]." <u>See</u> Document 20, Exhibit A at 2. The state Supreme Court found that because his Rule 37 petition was not in compliance with Rule 37.1(c), "it should not have been accepted for filing, and it did not act to confer jurisdiction on the trial court to consider the merits of the petition." <u>See</u> Document 20, Exhibit A at 3.

Giving Holt's submissions as broad a construction as possible, he also appears to maintain that his attorney was somehow at fault for his procedural default or, alternatively, he did not have an attorney to represent him during the post-conviction proceeding.[4] Although it is true that ineffective assistance of counsel can serve as cause for a procedural default, it cannot serve as cause for Holt's procedural default. Counsel's alleged ineffectiveness did not prevent Holt from raising claim one in his Rule 37 petition. He actually raised the claim but failed, though, to obtain a ruling on it from the state Supreme Court. His failure to obtain a ruling on the claim cannot be attributed to his attorney because he was proceeding pro se at the time.

---

[4]

It should be noted that in Martinez v. Ryan, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012), the United States Supreme Court created a narrow exception to the rule most recently announced in Coleman v. Thompson, 501 U.S. 722 (1991), that being, there is no constitutional right to an attorney in state post-conviction proceedings and counsel's deficient performance at that stage of the criminal process does not excuse a procedural default. The exception recognized in Martinez v. Ryan is as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

See Id., 132 S.Ct. at 1320.

In Kemp v. Hobbs, 2012 WL 2505229 (E.D.Ark. 2012), United States District Judge D. P. Marshall Jr. noted that Martinez v. Ryan did not change the law announced in Coleman v. Thompson but recognized a narrow exception. Judge Marshall noted that in Martinez v. Ryan, the United States Supreme Court declined to resolve "whether a prisoner has a right to effective counsel in collateral proceedings which provides the first occasion to raise a claim of ineffective assistance at trial." See Kemp v. Hobbs, 2012 WL 2505229 at 9. Judge Marshall also noted the following: "Martinez [v. Ryan's] narrow exception does not apply to Arkansas petitioners ... because Arkansas law allows assertions of ineffective-assistance at trial on direct appeal." See Kemp v. Hobbs, 2012 WL 2505229 at 9 [citing Dansby v. Norris, 682 F.3d 711 (8th Cir. 2012)].

Martinez v. Ryan is not applicable in this instance. Thus, the controlling precedent is that announced in Coleman v. Thompson.

Holt also maintains that he is actually innocent of the charge of aggravated residential burglary. Although not true cause for a procedural default, a showing of actual innocence can serve as a gateway through which a petitioner can obtain federal court review of an otherwise procedurally barred claim. See Schlup v. Delo, 513 U.S. 298 (1995). A showing of actual innocence requires "new evidence of factual innocence." See Niederstadt v. Nixon, 505 F.3d 832, 840 (8th Cir. 2007) (Colloton, J., concurring). Holt has failed to make the required showing as he has not come forward with that type of evidence.[5] Consequently, he cannot use the Schlup v. Delo gateway to obtain federal court review of his procedurally defaulted claims.

Holt cannot show cause for his procedural default. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and his attorney's performance did not prevent him from presenting claim one to the state appellate court. In addition, he cannot use the Schlup v. Delo gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.[6]

CLAIM TWO. The second claim raised by Holt in this petition is a challenge to his sentences. He maintains that they are "excessive and disproportionate considering the nature of the crime and what is normally imposed." See Document 2 at 6.

---

[5]

Holt was convicted of unlawfully entering, or otherwise remaining unlawfully in, the mobile home of his former girlfriend while armed with a deadly weapon and using the weapon to stab her several times. The inconsistencies in the testimony he now cites were for the jury to resolve.

[6]

The same analysis governs the disposition of claims two, three, four, five, six, seven, and ten, but the analysis will not be repeated in full in addressing those claims.

Holt raised claim two in his direct appeal. The state Supreme Court did not address the merits of the claim , though. Instead, the state Supreme Court rejected the claim for the following reason:

> The State is correct that this argument challenging Holt's sentences as cruel and unusual is not preserved for our review. The reason for this is that Holt failed to object to his sentence before the circuit court. A defendant who makes no objection at the time the sentence is imposed has no standing to complain about it on appeal. [Citation omitted]. Even constitutional arguments will not be addressed when raised for the first time. [Citation omitted]. We decline to address this point.

See Document 13, Exhibit B at 14. Thus, he never obtained a ruling on the claim from the state Supreme Court. He procedurally defaulted in litigating the claim, and the only question is whether he can show cause for his procedural default.

Liberally construing Holt's pro se submissions, he appears to maintain that his attorney's deficient performance caused the aforementioned procedural default. Although ineffective assistance of counsel can serve as cause for a procedural default, the claim must first be presented to the state courts as an independent claim. See Leggins v. Lockhart, 822 F.2d 764 (8th Cir. 1987). The record establishes that Holt never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas because neither the state trial court nor the state Supreme Court had jurisdiction to consider his Rule 37 petition. See Document 20, Exhibit A. Consequently, his assertion of ineffective assistance of counsel cannot serve as cause for his procedural default.

-13-

Holt cannot show cause for his procedural default. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas. In addition, he cannot use the <u>Schlup v. Delo</u> gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

<u>CLAIM THREE</u>. The third claim raised by Holt in this petition is another challenge to his sentences. He maintains that he practices a "strict brand of Islam and is a Salafi." <u>See</u> Document 2 at 6. He maintains that his sentences were the result of "anti-Islamic hysteria and bias that the prosecutor used improperly." <u>See</u> Document 2 at 6.

Holt raised claim three in his direct appeal, but the state Supreme Court did not address the merits of the claim. Instead, the state Supreme Court rejected the claim because he failed to interpose an objection when the sentences were imposed. <u>See</u> Document 13, Exhibit B at 13-15. Thus, he never obtained a ruling on the claim from the state Supreme Court. He procedurally defaulted in litigating the claim, and the only question is whether he can show cause for his procedural default. For the reasons outlined above, Holt cannot show cause for his procedural default. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas. In addition, he cannot use the <u>Schlup v. Delo</u> gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

CLAIM FOUR. The fourth claim raised by Holt in this petition is a challenge to the prosecution's conduct during the trial. Holt maintains that his protected speech and "artistic expression" were used to convince the jury he was dangerous and deserved a draconian sentence. See Document 2 at 6. He identified the protected speech and "artistic expression" as several letters he wrote that referred to his Islamic fath.

Holt raised claim four or a substantially similar claim in his direct appeal. The state Supreme Court did not address the merits of the claim but instead rejected the claim because he failed to "raise any objection to the trial court concerning the introduction of the letters." See Document 13, Exhibit B at 14-15. Thus, he never obtained a ruling on the claim from the state Supreme Court. He procedurally defaulted in litigating the claim and cannot show cause for his procedural default. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas. In addition, he cannot use the Schlup v. Delo gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

CLAIM FIVE. The fifth claim raised by Holt in this petition is a challenge to his mental competency at the time the offenses were committed and during the time leading up to his trial. He maintains that he was suffering from Post-Traumatic Stress Disorder at the time the offenses were committed and prior to trial which rendered him unable to assist in his own defense.

Holt did not raise claim five in his direct appeal. He did, though, raise it in his Rule 37 petition but did so in the context of challenging his attorney's representation. Assuming, <u>arguendo</u>, that raising the claim in a different context is adequate, he never obtained a ruling on the claim from the state Supreme Court. Holt procedurally defaulted in litigating the claim, and he cannot show cause for his procedural default. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas. In addition, he cannot use the <u>Schlup v. Delo</u> gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

<u>CLAIM SIX</u>. The sixth claim raised by Holt in this petition is a challenge to the state Supreme Court's failure to relieve his attorney. He maintains that the state Supreme Court should have relieved his attorney because their conflict was so severe it impaired counsel's ability to represent Holt.

Holt did not raise claim six in his direct appeal or his Rule 37 petition. Thus, he never obtained any ruling on the claim. He procedurally defaulted in litigating the claim, and he cannot show the requisite cause. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, and he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas. In addition, he cannot use the <u>Schlup v. Delo</u> gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

CLAIM SEVEN. The seventh claim raised by Holt in this petition is a challenge to the constitutionality of the Domestic Abuse Act of 2009. He maintains that it is unconstitutional because it limited the defense he was able to offer at trial.

Holt did not raise claim seven in his direct appeal or his Rule 37 petition. Thus, he never obtained any ruling on the claim. He procedurally defaulted in litigating the claim, and he cannot show the requisite cause. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas, and he cannot use the Schlup v. Delo gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

CLAIM EIGHT. The eighth claim raised by Holt in this petition is a challenge to the sufficiency of the evidence. He maintains that a videotape and various text messages and voice mails from the victim conclusively establish that he is innocent.

Holt raised a similar claim in his direct appeal, and the state Supreme Court addressed a portion of the claim on the merits. The state Supreme Court began by outlining the essential elements of aggravated residential burglary, which are as follows:

> … A person commits residential burglary if he or she enters or remains unlawfully in a residential occupiable structure of another person with the purpose of committing in that structure any offense punishable by imprisonment. … A person commits aggravated residential burglary, if he or she commits residential burglary and he or she (1) is armed with a deadly weapon or represents by word or conduct that he or she is armed with a deadly weapon; or (2) inflicts or attempts to inflict death or serious physical injury upon another person. …

See Document 13, Exhibit B at 5. The state Supreme Court then framed its consideration

of Holt's challenge to the sufficiency of the evidence as follows:

> … [Holt's claim] … only addresses the element of illegally entering or
> remaining and the additional elements required for aggravated residential
> burglary. The [claim] does not address the State's failure to prove that he
> entered with the purpose to commit a felony, which is an essential
> elements of residual burglary.
>
> …
>
> … where an appellant argues on appeal certain grounds for a
> directed verdict that were not raised to the trial court, the appellate court
> limits its review to those grounds that were presented to the trial court. …
> In the instant case, because Holt did not specifically challenge the State's
> evidence concerning the alleged lack of purpose to commit a felony in his
> directed-verdict motion, but merely challenged the absence of proof of
> unlawful entry and the additional elements necessary for aggravated
> residential burglary, the argument he makes on appeal regarding the
> purpose element is barred.

See Document 13, Exhibit B at 7-8 [emphasis in original].[7] Against that backdrop, the

state Supreme Court reviewed the sufficiency of the evidence. The state Supreme Court

found that although the testimony was conflicting as to whether Holt was invited to the

victim's home on the night of incident, it was for the jury to decide whether the

invitation was so extensive as to include "entry in the middle of the night while [the

victim] was asleep." See Document 13, Exhibit B at 9. As to what transpired inside the

victim's home, the state Supreme Court summarized Holt's testimony as follows:

---

[7]
> The undersigned will do likewise and not review the purpose element. The consideration of that
> portion of Holt's claim is procedurally barred from federal court review.

> Holt himself testified at trial and stated that he was at [a mutual friend's home] until about 2:00 a.m. in the morning on May 1, 2009, when he decided to go over to [the victim's] trailer. He stated that he knocked on her front door, but when there was no answer, he tried the front door, and it opened. When he walked inside, he noticed that [the victim] was asleep on the couch. He testified that once [the victim] woke up, he began to get a sense that 'something was about to go down,' so he grabbed a butcher knife from a kitchen drawer. Holt does not dispute that he stabbed [the victim], but instead he argues that he was defending himself after [the victim] rushed at him with her hand in her purse. He admitted that he brought gloves with him to [the victim's] trailer and that he put them on when he felt like the situation was going "south." He also admitted to coming back to [the victim's] trailer after the police had left in order to 'clean up' by removing the blood stained carpet and his phone numbers from [the victim's] phone.

See Document 13, Exhibit B at 4. Thus, Holt admitted to stabbing the victim, albeit in self-defense. The state Supreme Court also summarized the other testimony, including that offered by the victim. She testified that Holt attacked her and told her at different times, "I told you I could get in anytime I wanted to," and "if I can't have you, no one can." See Document 13, Exhibit B at 9. On the basis of the foregoing, the state Supreme Court found that there was substantial evidence to support his convictions.

The disposition of this claim is governed by 28 U.S.C. 2254(d), which requires a two-part inquiry. First, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law. Second, it requires an inquiry into whether the state court's adjudication of the claim resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented.

The state Supreme Court's adjudication of Holt's challenge to the sufficiency of the evidence did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. Although the state Supreme Court did not specifically cite federal law, the failure of the court to do so is not problematic as neither the court's reasoning nor result contradict federal law. See Cox v. Burger, 398 F.3d 1025 (8th Cir. 2005). What is clearly established federal law? It is whether, "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." See Jackson v. Virginia, 443 U.S. 307, 319 (1979) [emphasis in original]. The state Supreme Court's decision is consistent with, and a reasonable application of, Jackson v. Virginia.

Holt has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. Admittedly, there was conflicting testimony regarding the scope of the victim's invitation to Holt and whether he inflicted the injuries to the victim in self-defense. The resolution of those issues, though, was for the jury, as the state Supreme Court found.

The undersigned finds that 28 U.S.C. 2254(d) controls the disposition of Holt's challenge to the sufficiency of the evidence. The paragraph compels the conclusion that the claim warrants no relief as the state Supreme Court made a reasonable adjudication of it.

CLAIM NINE. The ninth claim raised by Holt in this petition is a challenge to the manner in which his trial was conducted. He maintains that the trial court erred by having him shackled during the course of the trial.

Holt raised a similar claim in his direct appeal, and the state Supreme Court addressed the claim on the merits. The state Supreme Court found that he wrote letters in which he threatened a number of law enforcement officials and threatened to disrupt his trial if it went "south." See Document 13, Exhibit B at 10. The state Supreme Court found that the state trial court did not abuse its discretion in restraining Holt as "the restraints were reasonably necessary to maintain order and security in the courtroom." See Document 13, Exhibit B at 13.

The state Supreme Court's adjudication of claim nine did not result in a decision that is contrary to, or involved an unreasonable application of, clearly established federal law. The state Supreme Court cited federal law, i.e., Deck v. Missouri, 544 U.S. 622 (2005), abrogated on other grounds, Fry v. Pliler, 551 U.S. 112 (2007), and the court's decision is consistent with, and a reasonable application of, that law.

Holt has also not shown that the adjudication of the claim by the state Supreme Court resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented. It is undisputed that Holt wrote letters in which he threatened a number of law enforcement officials and threatened to disrupt his trial if it did not proceed as he wished. Given that fact, the state Supreme Court could find as it did.

CLAIM TEN. Holt's last claim is a general challenge to the representation provided by his attorney. He did not raise the claim in his direct appeal even though he could have. He appears to have instead raised a substantially similar claim in his Rule 37 petition, but he never obtained a ruling on the claim from the state appellate court. Holt procedurally defaulted in litigating the claim, and he cannot show the requisite cause. No objective factor external to the defense impeded his efforts to comply with the state's procedural rules, he never properly presented a claim of ineffective assistance of counsel to the state courts of Arkansas, and he cannot use the Schlup v. Delo gateway to obtain federal court review of the claim. It is therefore procedurally barred from federal court review.

RECOMMENDATION. On the basis of the foregoing, the undersigned recommends that Holt's petition be dismissed and all requested relief be denied. The undersigned additionally recommends that judgment be entered for Hobbs.

DATED this ____9____ day of May, 2013.


_____
                    UNITED STATES MAGISTRATE JUDGE