# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

GREGORY HOLT, a/k/a                                              PETITIONER
Abdul Maalik Muhammad


v.                          NO. 5:12CV00453 BSM/HDY


RAY HOBBS, Director of the                                       RESPONDENT
Arkansas Department of Correction


### FINDINGS AND RECOMMENDATION


### INSTRUCTIONS


The following findings and recommendation have been sent to United States District Judge Brian S. Miller. Any party may serve and file written objections to these findings and recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the Office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendation. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

1. Why the record made before the Magistrate Judge is inadequate.

2. Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3. The details of any testimony desired to be introduced at the hearing before the District Judge in the form of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, Arkansas 72201-3325

<u>RECOMMENDATION</u>

Petitioner Gregory Holt ("Holt"), a/k/a Abdul Maalik Muhammad, commenced the case at bar by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. 2254.[1] Respondent Ray Hobbs ("Hobbs") filed a response to the petition and asked that it be dismissed. The undersigned recommended that Holt's petition be dismissed because the claims contained in it were procedurally barred from federal court review, were without merit, or were resolved by the state courts in accordance with established federal law.

Holt has now filed the pending motion to amend, <u>see</u> Document 37, a motion that has been referred to the undersigned.[2] In the motion, he requests leave to amend for the following reasons:

---

[1]

In the petition, Holt advanced the following nine claims: (1) counsel was ineffective because he did not investigate the facts and interview all of the witnesses; (2) Holt's sentences are excessive and disproportionate; (3) the sentences are the result of anti-Islamic hysteria and bias; (4) "the prosecution used protected speech and 'artistic expression' on the part of [Holt] as grounds for convincing a jury that [he] was dangerous and deserved a draconian sentence," <u>see</u> Document 2 at 9; (5) he was suffering from Post-Traumatic Stress Disorder at the time the offenses were committed and prior to trial which rendered him unable to assist in his own defense; (6) "the Arkansas Supreme Court erred in not relieving trial counsel from representing [Holt] on appeal due to counsel's conflict with [Holt]," <u>see</u> Document 2 at 13; (7) the statutes he was convicted of violating are unconstitutional; (8) Holt is actually innocent of the charge of aggravated residential burglary; and (9) the trial court erred in having him shackled during the course of the trial. After filing the petition at bar, Holt submitted a lengthy brief in which he identified approximately fourteen instances in which his attorney allegedly failed to provide adequate representation. Although the submission appeared to be nothing more than the brief he promised to submit in support of his first claim, <u>see</u> Document 2 at 5, Hobbs construed the brief to contain a tenth claim. Specifically, he construed the numerous allegations in the brief as one claim, that being, a challenge to the representation afforded by Holt's attorney. For the sake of simplicity, the undersigned has done likewise.

[2]

Federal Rule of Civil Procedures 15 provides that leave to amend should be given when justice so requires. Leave to amend may be denied, though, for "undue delay, bad faith or dilatory motive on the part of the movant, repeated failures to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment." <u>See Moore-El v. Luebbers</u>, 446 F.3d 890, 901-902 (8th Cir. 2006) [internal quotation omitted].

> Petitioner moves to add the attached proposed amendment to the pleadings in order to further argue points more in detail that were alluded to in his habeas petition and to add an additional argument regarding ineffective assistance of counsel that petitioner discovered in his research.
>
> The proposed amendment will argue in detail that (1) petitioner's First Amendment rights to free expression and artistic license were compromised and violated at trial and sentencing; … (2) counsel was ineffective for not arguing petitioner's innocence on direct appeal; (3) the trial court erred in not allowing petitioner to amend his Rule 37 petition; and (4) the trial court erred in not notifying petitioner that his Rule 37 petition was defective due to it being unverified [and] that they never notified petitioner that the clerk did not receive the affidavit sent by petitioner, thereby causing him to be prejudiced in that the Arkansas Supreme Court refused to review the denial of Rule 37.1 relief based on the unverified petition.

See Document 37 at 1-2. After carefully reviewing the record, including the response to the motion filed by Hobbs, the undersigned recommends that Holt's motion be denied for the reasons that follow.

First, as a preliminary matter, the undersigned is not convinced that the four claims raised by Holt in his motion are truly new claims. They appear to be substantially similar to several of the claims he raised in the petition that commenced the case at bar. As he notes in requesting leave to amend, he has offered the four claims in order to "further argue points more in detail that were alluded to in his habeas petition and to add an additional argument regarding ineffective assistance of counsel." Thus, there appears to be very little new or different about the claims he now raises, and his motion should be denied for simply "further arug[ing] points more in detail" and "add[ing] additional argument."

Second, with specific regard to the first claim raised by Holt in his motion, i.e.,
his First Amendment rights to free expression and artistic license were compromised and
violated at trial and sentencing and his attorney was ineffective for failing to object to
the introduction of the poem and/or letters that form the basis of the claim, leave to
amend to add the claim should be denied.[3] Not only is the claim virtually identical to the
fourth claim Holt raised in the petition that commenced the case at bar, see Document
2 at 10, the claim is procedurally barred from federal court review. He did not object to
the introduction of the poem and/or letters at trial, see Document 13, Exhibit B at 14-15,
and he never properly presented a claim of ineffective assistance of counsel to the state
courts of Arkansas.

Third, with specific regard to the second claim raised by Holt in his motion, i.e.,
his attorney was ineffective for not arguing his innocence on direct appeal as a videotape
of the alleged crime will exonerate him, leave to amend to add the claim should be
denied. Not only does the claim appear to be a part of the wide-ranging assertion of
ineffective assistance of counsel made by Holt in an earlier brief supporting his petition,
see Document 10, the claim is procedurally barred from federal court review. He never
properly presented a claim of ineffective assistance of counsel to the state courts of
Arkansas.

---

[3]

It appears that the prosecution introduced a poem and/or letters written by Holt entitled
"American Taliban." In the documents, he advocated "the assassination of military personnel and law
enforcement figures as a protest against what he believed were attempts to target him for espousing
jihadist ideology and to protest the criminal case." See Document 37 at 2.

Fourth, with specific regard to the third claim raised by Holt in his motion, <u>i.e.</u>, the trial court erred in not allowing petitioner to amend his Rule 37 petition, leave to amend to add the claim should be denied. To the extent the claim is new, it does not raise a question of constitutional magnitude, and "federal habeas corpus relief does not lie for errors of state law." <u>See</u> <u>Noel v. Norris</u>, 322 F.3d 500, 503 (8th Cir.), <u>cert</u>. <u>denied</u>, 539 U.S. 972 (2003) [internal quotation omitted].

Fifth, with specific regard to the fourth claim raised by Holt in his motion, <u>i.e.</u>, the trial court erred in not notifying him that his Rule 37 petition was defective and he was never notified that the clerk did not receive the affidavit sent by Holt, leave to amend to add the claim should also be denied. To the extent the claim is new, it does not raise a question of constitutional magnitude, and "federal habeas corpus relief does not lie for errors of state law." <u>See</u> <u>Id</u>.

Last, Holt maintains he is actually innocent, maintaining that a videotape of the incident and phone and text messages will exonerate him. The videotape and phone and text messages, though, were not introduced at trial and have still not been produced. Even were they produced at this late date, and were to show what Holt alleges, they would not call his convictions into question. The questions of fact were for the jury to decide, <u>e.g.</u>, whether he had permission to enter and/or remain in the victim's residence at 2:00 a.m., whether he did so with the intent to commit a felony, and whether he stabbed her in self-defense, and in any event, the evidence of his guilt is substantial as the Arkansas Supreme Court found the following on direct appeal:

Holt himself testified at trial and stated that he was at [a friend's] until about 2:00 in the morning on May 1, 2009, when he decided to go over to [the victim's] trailer. He stated that he knocked on her front door, but when there was no answer, he tried the front door, and it opened. When he walked inside, he noticed that [the victim] was asleep on the couch. He testified that once [the victim] woke up, he began to get a sense that "something was about to go down," so he grabbed a butcher knife from a kitchen drawer. Holt does not dispute that he stabbed [the victim], but instead he argues that he was defending himself after [the victim] rushed at him with her hand in her purse. He admitted that he brought gloves with him to [the victim's] trailer and that he put them on when he felt like the situation was going "south." He also admitted to coming back to [the victim's] trailer after the police had left in order to "clean up" by removing the blood stained carpet and his phone numbers from [the victim's] phone.

See Document 13, Exhibit B at 4. There is no new reliable evidence of his innocence, which would excuse his procedural default. See Schlup v. Delo, 513 U.S. 298 (1995).

The undersigned recommends that Holt's motion be denied. See Document 37. The claims he seeks to raise are not new, are procedurally barred, or do not raise a question of constitutional magnitude. He has also not shown that he is actually innocent.

After Holt's motion was referred, he filed the pending motion for extension of time to file additional evidence. See Document 46. In the motion, he requests additional time to obtain the aforementioned videotape and phone and text messages and to expand the record to offer additional arguments relating to his innocence. Although the motion was not referred, the undersigned recommends that it too be denied. As the undersigned has explained, the questions of fact were for the jury to decide and, in any event, the evidence of his guilt is substantial.

After Holt's motion was referred, he also filed the pending motion for order. See

Document 51. In the motion, he asks that the case at bar be held in abeyance pending his exhaustion of remedies. Although the motion was not referred, the undersigned recommends that it too be denied. As the undersigned explained in the findings and recommendation, Holt has exhausted his remedies. <u>See</u> Document 34 at 6-9.

The findings and recommendation issued on May 9, 2013, are still the undersigned's view of the case, although it should be noted that an intervening decision by the United States Supreme Court has altered a portion of the findings and recommendation. Holt appeared to maintain that his attorney was somehow at fault for his procedural default of several claims and/or, alternatively, that he did not have an attorney to represent him during the post-conviction proceeding. In footnote four of the findings and recommendation, <u>see</u> Document 34 at 11, the undersigned noted that although <u>Coleman v. Thompson</u>, 501 U.S. 722 (1991), stood for the proposition that there is no constitutional right to an attorney in state post-conviction proceedings and counsel's deficient performance at that stage does not excuse a procedural default, the Supreme Court recognized a narrow exception in <u>Martinez v. Ryan</u>, 566 U.S. —, 132 S.Ct. 1309, 182 L.Ed.2d 272 (2012). The exception recognized in <u>Martinez</u> was as follows:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>See</u> <u>Id</u>., 132 S.Ct. at 1320. The undersigned, though, adopted the reasoning of United

States District Judge D.P. Marshal Jr. in <u>Kemp v. Hobbs</u>, 2012 WL 2505229 (E.D.Ark. 2012), and found that the exception recognized in <u>Martinez</u> was not applicable to petitioners in Arkansas like Holt because he could have challenged his attorney's representation on direct appeal. The undersigned instead followed the precedent announced in <u>Coleman</u>. Thus, any fault on the part of Holt's attorney at trial and/or Holt's failure to have an attorney during the post-conviction proceeding could not serve as cause for his procedural default.

On May 28, 2013, the Supreme Court announced its decision in <u>Trevino v. Thaler</u>, — U.S. —, 133 S.Ct. 1911, — L.Ed.2d —, 2013 WL 2300805 (2013). In the decision, the Supreme Court expanded the narrow exception first announced in <u>Martinez</u>. The Supreme Court began by repeating the parameters of <u>Martinez</u>, which it articulated as follows:

> "(1) the claim of ineffective assistance of trial counsel was a substantial claim; (2) the cause consisted of there being no counsel or only ineffective counsel during the state collateral review proceeding; (3) the state collateral review proceeding was the initial review proceeding in respect to the ineffective-assistance-of-trial-counsel claim; and (4) state law requires that an ineffective assistance of trial counsel [claim] … be raised in an initial-review collateral proceeding.

See <u>Cabrera v. Johnson</u>, 2013 WL 2477065 at 8 (N.D.Ill. June 7, 2013) [quoting <u>Trevino</u>, 2013 WL 2300805 at 7, and <u>Martinez</u>, 132 S.Ct. at 1318-1319, 1320-1321]. The Supreme Court then clarified the fourth requirement of <u>Martinez</u> by holding the following:

> if state law allows a defendant to present an ineffective assistance of trial

counsel claim on direct appeal but that law "—as a matter of its structure, design, and operation—does not offer most defendants a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal" then the Martinez exception applies even though the defendant could have attempted to challenge trial counsel's effectiveness on direct appeal.

See Cabrera v. Johnson, 2013 WL 2477065 at 8 [quoting Trevino, 2013 WL 2300805 at 11.

The undersigned assumes, without deciding, that the exception first recognized in Martinez and expanded by Trevino now applies to Arkansas petitioners like Holt. Because he did not have a meaningful opportunity to present a claim of ineffective assistance of trial counsel on direct appeal, his procedural default "will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial."

Notwithstanding the foregoing assumption, though, Holt is entitled to no relief on his challenges to his attorney's representation for the simple reason that his claims are not substantial. Strickland v. Washington, 466 U.S. 668, 694 (1984), requires the petitioner to show, inter alia, "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Holt cannot make that showing. The evidence of his guilt is substantial as, inter alia, he admitted being in the victim's home during the early morning hours, putting on gloves when he felt like the situation was "going south," stabbing the victim with a butcher knife, and then returning to her residence after the police had left in order to remove a blood stained carpet and his phone numbers from her phone.

On the basis of the foregoing, the undersigned recommends the following: (1)

Holt's motion to amend be denied, <u>see</u> Document 37; (2) his motion for extension of time to file additional evidence be denied, <u>see</u> Document 46; and (3)his motion for order be denied, <u>see</u> Document 51. The undersigned additionally recommends that the findings and recommendation issued on May 9, 2013, also be adopted.

DATED this ___21___ day of June, 2013.


_____
UNITED STATES MAGISTRATE JUDGE